**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Allan Lewis

v. Case No. 26-cv-753-SE-AJ

Strafford County Superior Court, et al.

**REPORT AND RECOMMENDATION**

Self-represented Plaintiff, Allan Lewis, brings this action against the Strafford County Superior Court and New Hampshire Superior Court Judge Andrew Livernois. See Doc. No. 1 (Complaint). Mr. Lewis's Complaint is before the undersigned magistrate judge for preliminary review pursuant to Local Rule 4.3(d)(3) to determine whether it properly invokes the court's subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the case."). Because the court determines subject matter jurisdiction is lacking, the district judge should dismiss Mr. Lewis's Complaint and close this case.

Preliminary Review Standard

The court conducts a preliminary review of complaints filed by pro se litigants who have paid the filing fee to determine whether the complaint properly invokes the court's subject matter jurisdiction. See L.R. 4.3(d)(2); Fed. R. Civ. P. 12(h)(3). In conducting this review, the court liberally construes the complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court also accepts as true the well-pleaded factual allegations in the complaint and indulges all reasonable inferences in the plaintiff's favor. See Douglas v. Hirshon, 63 F.4th 49, 55 (1st Cir. 2023). The court shall dismiss claims, sua sponte, if it finds that it does not have subject matter

jurisdiction over the claims. See L.R. 4.3(d)(3); Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth., 4 F.4th 63, 71 (1st Cir. 2021).

## Factual Background

Mr. Lewis's claims arise out of an action or actions in Strafford County Superior Court over which Judge Livernois presided. See Lewis v. Briar Ridge Estates, No. 219-2020-CV-00065 (N.H. Super. Ct., Strafford Cty. filed Feb. 10, 2020); Lewis v. NBV-Brier Ridge LLC, No. 219-2024-CV-00067 (N.H. Super Ct., Strafford Cty. filed Feb. 20, 2024). Mr. Lewis was unsuccessful in those cases, and the New Hampshire Supreme Court affirmed both adverse decisions. See Lewis v. Briar Ridge Estates, Case No. 2021-0514 (N.H. Sept. 16, 2022); Lewis v. NBV-Brier Ridge LLC, Case No. 2025-0138 (N.H. July 17, 2025).

Additionally, Mr. Lewis previously sued New Hampshire Supreme Court Chief Justice Gordon MacDonald for his alleged failure to ensure the integrity of the New Hampshire Superior Court rules. See Lewis v. MacDonald, Civil No. 26-cv-239-JL-AJ (D.N.H. filed Mar. 20, 2026) ("Case 26-239"). That action was dismissed for lack of subject matter jurisdiction. Id., May 18, 2026 Order (ECF No. 5) (adopting May 6, 2026 R&R (ECF No. 3)).

## Discussion

The allegations in Mr. Lewis's Complaint bring this case within the scope of the Rooker-Feldman[1] doctrine. "The Rooker-Feldman doctrine preserves the [United States] Supreme Court's exclusive jurisdiction over appeals from final state-court

[1] The Rooker-Feldman doctrine takes its name from two United States Supreme Court cases: Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923) and D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

judgments by divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court[.]" Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64 (1st Cir. 2018) (internal quotation marks and citations omitted). The doctrine applies "where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 23–24 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)). Thus, "if federal litigation is initiated after state proceedings have ended, and the plaintiff implicitly or explicitly seeks review and rejection of the state judgment, then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts, and, under Rooker-Feldman, the federal courts lack jurisdiction." Id. at 24 (brackets omitted) (internal quotations and citation omitted).

Mr. Lewis asks the court to reject Judge Livernois's legal determinations in the underlying New Hampshire Superior Court matters cited above. This action was filed well after the conclusion of Mr. Lewis's state court cases.[2] Therefore, this court lacks subject matter jurisdiction over Mr. Lewis's claims, and the district judge should dismiss the Complaint on that basis.

Filing Restriction Warning

"Federal courts possess discretionary powers to regulate the conduct of abusive litigants." United States v. Gómez–Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (citation

[2] The only path for Mr. Lewis to seek relief from the New Hampshire Supreme Court's ruling was an appeal to the United States Supreme Court.

and quotation marks omitted). "[E]xtreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties," may justify a federal court's issuance of an injunction barring a party from further filing frivolous and vexatious lawsuits. Otis Elevator Co. v. Int'l Union of Elevator Constructors, Local 4, 408 F.3d 1, 10 (1st Cir. 2005) (citation omitted). Any "restrictions imposed must be tailored to the specific circumstances presented." Cok v. Fam. Ct., 985 F.2d 32, 34 (1st Cir. 1993). Further, before a filing restriction may be imposed, a litigant must be "warned or otherwise given notice that filing restrictions [are] contemplated." Id. at 35. In determining whether a filing restriction is appropriate, the court recognizes "that the use of broad filing restrictions against pro se plaintiffs should be approached with particular caution." Id. (cleaned up).

This is Mr. Lewis's second action in this court related to his state court litigation in Lewis v. Briar Ridge Estates, No. 219-2020-CV-00065 and Lewis v. NBV-Brier Ridge LLC, No. 219-2024-CV-00067 ("Briar Ridge state court litigation"). See Lewis v. Chief Justice of NH Judicial Branch, No. 26-cv-239-JL-AJ. The previous action was dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.[3] Accordingly, it should be clear to Mr. Lewis that he cannot obtain relief in this court on those claims, or any claims, to the extent he seeks relief from state court judgments in this court related to the Briar Ridge state court litigation. Should Mr. Lewis again attempt to file any new action in this court seeking such relief concerning the Briar

[3] Mr. Lewis's appeal of the court's dismissal of Case 26-239 is pending. See Lewis v. MacDonald, No. 26-1750 (1st Cir. filed June 30, 2026).

Ridge state court litigation, the court may, at that time, enjoin Mr. Lewis from filing any new action in this court arising from that matter.

## Conclusion

For the foregoing reasons, the district judge should dismiss this case in its entirety because the court lacks subject matter jurisdiction over Mr. Lewis's claims. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in written objections to this Report and Recommendation "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Id. (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

September 24, 2026

cc: Allan Lewis, pro se